United States District Court
Southern District of Texas
**ENTERED**
October 09, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| RYAN LEE YOUNG<br>Petitioner,<br><br>VS.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | §<br>§<br>§<br>§ CIV. NO. 7:18-cv-00236<br>§<br>§<br>§<br>§<br>§ |

## REPORT & RECOMMENDATION

Petitioner, Mr. Ryan Lee Young, a state prisoner proceeding pro se, filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) This case was referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636(b). On September 6, 2018, Respondent filed a motion for summary judgment in response to Petitioner's writ. (Dkt. No. 6.)

After a careful review of the record and relevant law, the undersigned recommends that Respondent's motion for summary judgment (Dkt. No. 6) be **GRANTED**. It is further recommended that Petitioner's § 2254 petition (Dkt. No. 1) be **DISMISSED** without prejudice for failure to exhaust, and the case be closed. Finally, it is recommended that that the District Court **DECLINE** to issue a certificate of appealability in this matter.

## BACKGROUND

### I. Procedural History

On January 13, 2017, Petitioner was convicted of driving while intoxicated in the 396th District Court in Tarrant County. (*See* Dkt. No. 1 at 2; Dkt. No. 6 at 1.) Petitioner was

1

sentenced to three years' incarceration. (Dkt. No. 1 at 2.) In his § 2254 petition, Petitioner states that he did not appeal his conviction or sentence. (*Id.* at 3.) Petitioner states that his § 2254 petition is the first time he has presented his claims to any court. (*Id.* at 8.) Respondent, as part of the motion for summary judgement, responded that Petitioner has not filed an application for state writ of habeas corpus; in support of said proposition, the Respondent provided an affidavit that there is no record of post-conviction habeas corpus matter in the Petitioner's state proceedings. (Dkt. No. 6 at 5; Dkt. No. 6, Exhibit B.)

## II.     Summary of the Pleadings

Petitioner raises four claims in his § 2254 petition: (1) he was denied mandatory supervision by the Texas Board of Pardons and Paroles ("Board") without due process and equal protection of the law; (2) his good-time and work-time credits were essentially revoked without due process due to the denial of mandatory supervision; (3) the procedures utilized by the Board to deny the mandatory supervision are unconstitutionally arbitrary; and (4) his continued incarceration due to this denial of mandatory supervision is an abuse of "unfettered discretion" in violation of the Equal Protection and Due Process Clauses. (Dkt. No. 1 at 6-7.) Petitioner also claims that he had accrued enough good-time and work-time credit that when combined with his flat time, exceeds 100% of his sentence thus qualifying him for release under mandatory supervision. (*Id.* at 6.) As relief to these allegations, Petitioner seeks (1) the restoration of all good-time and work-time credits; (2) an order releasing Petitioner to mandatory supervision; (3) the opportunity to correct and confront the contents of his parole file; (4) an opportunity "to be heard in person, present witnesses, and documentary evidence"; and/or (5) a decision based on facts before a neutral hearing body and a good-cause justification for his continued incarceration instead of boiler-plate reasons. (*Id.* at 7.)

2

## EXHUSTION AND STATE REMEDIES

### I. Exhaustion

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *see also* 28 U.S.C. § 2254(b)(1)(A), (c). The exhaustion requirement "is grounded in principals of comity and reflects a desire to 'protect the state courts' role in the enforcement of federal law.'" *Castille v. Peoples*, 489 U.S. 346, 349 (1989) (citations omitted). The rule has been "[c]odified since 1948 in 28 U.S.C. § 2254" and "while not a jurisdictional requirement [the rule] creates a 'strong presumption in favor of requiring the prisoner to pursue his available state remedies.'" *Id.* (citations and footnote omitted).

A petitioner must "'fairly presen[t]' federal claims to the state courts in order to give the State the 'opportunity to pass upon and correct' alleged violation of its prisoners' federal rights.'" *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (some internal quotation marks omitted)). To satisfy the exhaustion requirement, the claim must be presented to the highest court of the state for review. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). In the state of Texas, the Texas Court of Criminal Appeals is the highest court for the purpose of exhaustion. *Id.* at 431. Either a petition for discretionary review, Tex. R. App. P. 68.1, or an application for a post-conviction writ of habeas corpus, Tex. Crim. Proc. Ann. art. 11.07, can be filed to proceed before the Texas Court of Criminal Appeals. Therefore, to be exhausted the state courts must have been presented with the same facts and the same legal theory upon which the petitioner bases his assertion. The Supreme Court has held that "the

substance of the federal habeas corpus claim must first be presented to the state courts." *Picard v. Connor*, 404 U.S. 270, 275-278 (1971). "It is not enough that all the facts necessary to support the federal claim were before the state courts . . . or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 5-6 (1982) (citations omitted). A petitioner must also present his claims in a procedurally correct manner to the highest state court in order to satisfy the exhaustion requirement. *Castille*, 489 U.S. at 351. If a petitioner raises a claim in such a way that its merits will not be presented, he has not "fairly presented" the claim to the state courts and, therefore, not exhausted his claims. *Id.*

Section 2254(b)(1)(B) of Title 18 of the United States Code provides two ways for a petitioner to bring a claim without having first exhausted remedies in state courts: (1) if "there is an absence of available State corrective process; or (2) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). Petitioner offers that there is "no state corrective process available" and that "any other process [besides this § 2254 petition] would be ineffective" because Tex. Gov. Code Ann. § 508.149(d) forecloses any judicial or administrative review of a decision to deny mandatory supervision. (Dkt. No. 1 at 8.) However, this is incorrect. Tex. Gov. Code Ann. § 508.149(d) does not bar state habeas corpus petitions.

The Texas Court of Criminal Appeals has held that claims may still be raised in a state petition for a writ of habeas corpus if the process for coming to the mandatory supervision decision involves a denial of constitutional or statutory rights. *Ex parte Geiken*, 28 S.W. 3d 553, 556-57 (Tex. Crim. App. 2000) (leaving open the ability to review the process for arriving at the decision to deny mandatory supervision); *see Washington v. Dretke*, No. Civ.A. H-06-1814, 2006 WL 1663387, *1 (S.D. Tex. June 12, 2006) ("The exhaustion requirement applies to prisoners

4

challenging a denial of release of mandatory supervision" per *Ex Parte Geiken*); *see also Hess v. Stephens*, No. 4:13-CV-093-A, 2013 WL 3204373, at *1 (N.D. Tex. June 24, 2013) (noting that per *Ex parte Geiken*, "complaints regarding the 'process' and the denial of constitutional or statutory rights in consideration of release may be raised by way of writ of habeas corpus under article 11.07 [of the Texas Code of Criminal Procedure]"). The Petitioner's four claims relate to the procedures utilized by the Texas Board of Pardons and Paroles in denying the Petitioner mandatory supervision and that these procedures violated the equal protection and due process clauses of the constitution. Such claims may be raised in a state habeas petition to the Texas Court of Criminal Appeals.

**II. Intrinsic Review of the Board's Decision**

If Petitioner had wished to challenge only the intrinsic correctness of the decision by the Board, it should be noted that this court could not do so. The Board's final decision to deny release on mandatory supervision does not give rise to the same due process concerns that the procedures the Board utilizes do. *See Boss v. Quarterman*, 522 F.3d 425, 428-29 (5th Cir. 2008) (clarifying that the Due Process Clause does not require the parole board to specify any evidence in the inmate's record to support its decision to deny a prisoner mandatory supervision). Due Process only requires the Board to follow minimal procedures and, if done, no constitutional inquiry into the decision by the Board is needed. When a liberty interest is created by a state in setting forth parole review procedures and an expectation of release, the Supreme Court has held that Due Process "requires fair procedures for its vindication" and nothing more. *Swarthout v. Cooke*, 562 U.S. 216, 220 (2011) (reviewing the state of California challenges to Ninth Circuit Court of Appeal rulings that over-turned denial of parole by the State in the two petitioners' cases, each arising under 28 U.S.C. §2254 writ proceedings). "Because the only federal right at issue

5

is procedural, the relevant inquiry is what process [petitioners] received, not whether the state court decided the case correctly." *Id.* at 222. The only process prisoners are required to receive in regard to parole proceedings under the Due Process Clause is an opportunity to be heard and a statement of reasons for why the decision was made. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 16 (1979). "The Nebraska procedure [to determine parole eligibility] affords an opportunity to be heard, and when parole is denied it informs the inmate in what respects he falls short of qualifying for parole; this affords the process that is due under these circumstances. The Constitution does not require more." *Id.* at 17. A claim to contest the "intrinsic correctness of the Board" does not rise to a constitutional issue. If Petitioner wishes to challenge the Board's decision, the Due Process Clause only guarantees fair process.

Petitioner has not filed a writ for habeas corpus with the State to review this process. There are corrective remedies still available through state processes that would protect the rights of Petitioner. Therefore, Petitioner's § 2254 petition should be dismissed without prejudice for failure to exhaust. Petitioner is free to file another § 2254 petition in the future once his claims have been exhausted with the Texas Court of Criminal Appeals.

## CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Respondent's motion for summary judgment (Dkt. No. 6) be **GRANTED**. It is further recommended that Petitioner's § 2254 petition be **DISMISSED** without prejudice for failure to exhaust, and the case be closed.

### *Certificate of Appealability*

It is recommended that the District Court deny a Certificate of Appealability. The Petitioner may not appeal the final order of a habeas corpus proceeding "unless the circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). The § 2254 Rules instruct that the District Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." R. Gov. Sec. 2254 Cases 11. Because the undersigned recommends the dismissal of Petitioner's § 2254 action, it is necessary to address whether Petitioner is entitled to a certificate of appealability ("COA").

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). The undersigned finds that Petitioner fails to meet this threshold since the Petitioner's claims are unexhausted and there are still available avenues for Petitioner to seek a remedy from the state. It is therefore recommended that the District Court deny a COA.

Accordingly, Petitioner is not entitled to a COA.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from *de novo* review by the

District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Petitioner and counsel for Respondent.

**DONE** at McAllen, Texas, this 9th day of October, 2018.

Juan F. Alanis
United States Magistrate Judge